**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MATTHEW BROWN-TURNER,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>)<br>**PINCKNEYVILLE CORRECTIONAL** )<br>**CENTER, C/O LOYD, and LaDONNA** )<br>**LONG,** )<br>)<br>**Defendants.** ) | Case No. 20-cv-684-RJD |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Matthew Brown-Turner, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Joliet Treatment Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Pinckneyville Correctional Center ("Pinckneyville"). In his Complaint (Doc. 1), Plaintiff alleges Defendants were deliberately indifferent to his conditions of confinement while on suicide watch in violation of the Eighth Amendment. Plaintiff also alleges that Defendants were deliberately indifferent in treating his wounds in violation of the Eighth Amendment. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1):  On November 11, 2019, Plaintiff attempted to commit suicide by slicing his arm in the crease of his elbow (*Id*. at p. 6). He was placed on suicide watch in a dirty cell with a dirty mattress that smelled like urine and vomit. He was also provided with a filthy smock that smelled and a dirty blanket. The cell also lacked hot water. For seven days, he went without having his dressing changed or a shower. He informed mental health staff and officers, but he was not removed from the cell. When he was released from suicide watch and moved to segregation, he noticed a reddish rash throughout his body (*Id*.). He spoke to a nurse. The medical records indicate that nurse was Long (*Id*. at p. 9). He then saw a doctor who told him it was a redden pox that Plaintiff believes he developed as a result of the conditions on suicide watch (*Id*. at p. 6). He was provided with antibiotics.

Plaintiff was then moved to segregation from November 20-24, 2019 (*Id*. at p. 7). The chuckhole in the cell was dirty and covered in old food, spoiled milk and juice, and rust (*Id*.). Although he was supposed to have his wound dressing changed in the healthcare unit, he was approached by Loyd and Long who informed him that his dressing would be changed through the chuckhole. He informed them of the unsanitary conditions of the chuckhole, but they informed him that he could only have his dressing changed through the chuckhole (*Id*. at p. 7). He allowed them to change the dressing so that he would not develop an infection. He also asked them for cleaning supplies, but was denied.

## Preliminary Dismissals

Plaintiff identifies Pinckneyville Correctional Center as a defendant, but the prison is not a person under the Civil Rights Act. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State*

*Police,* 491 U.S. 58, 71 (1989). *See also Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.,* 56 F.3d 785, 788 (7th Cir.1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.,* 931 F.2d 425, 427 (7th Cir.1991) (same); *Santiago v. Lane,* 894 F.2d 219, 220 n. 3 (7th Cir.1990) (same). Pinckneyville is a division of the Illinois Department of Corrections, a state government agency. Based on this authority, Pinckneyville is not a "person" within the meaning of the Civil Rights Act and shall be dismissed from this action. *See Will,* 491 U.S. at 71.

Plaintiff also makes a number of allegations about the conditions of his suicide watch cell. Although he indicates that he told a number of mental health staff and officers, he fails to allege that he made any complaints about the condition of his suicide cell to Loyd or Long. He only alleges that he spoke to them while he was in segregation about having his dressing changed through a chuckhole. The medical records indicate that he did inform Long about his rash after being released from suicide, but he alleges that she referred him to the doctor who provided him with antibiotics. He does not allege that he told her about the conditions of his suicide cell or that she was aware of those conditions or his rash while he was on suicide watch. Thus, Plaintiff fails to allege that any defendant was deliberately indifferent to the conditions of his cell while on suicide watch. Nor does he allege that either Defendant was deliberately indifferent in treating his wound while on suicide watch. As such, those potential claims are **DISMISSED without prejudice**.

### Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate the following single count in this *pro se* action:

> **Count 1:** Eighth Amendment deliberate indifference to serious medical needs claim against Long and Loyd for requiring Plaintiff to have his wound dressing changed through an unsanitary chuckhole.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, the Court finds that Plaintiff states a claim for deliberate indifference against Long and Loyd for forcing him to have his wound dressing changed through an unsanitary chuckhole. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016)

### Disposition

For the reasons stated above, Plaintiff states a claim in Count 1 against Loyd and Long.

The Clerk of Court shall prepare for Defendants C/O Loyd and LaDonna Long: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/16/2020**

*/s/ Reona J. Daly*
**REONA J. DALY**
**U.S. Magistrate Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**