IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW BROWN-TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   20-cv-684-RJD |
| ) | |
| C/O LOYD and LADONNA LONG, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Sanctions filed by Defendant LaDonna Long (Doc. 45). For the reasons set forth below, the Motion is **DENIED**.

**Background**

Plaintiff Matthew Brown-Turner, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). More specifically, Plaintiff alleges Defendants were deliberately indifferent to his conditions of confinement while he was on suicide watch insofar as he was confined to a dirty cell and not allowed adequate dressing changes for a wound on his arm. Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he now proceeds on the following claim:

> Count One:   Eighth Amendment deliberate indifference to serious medical needs claim against Long and Loyd for requiring Plaintiff to have his wound dressing changed through an unsanitary chuckhole.

The undersigned entered a Scheduling Order directing discovery on the merits on

November 15, 2021 (Doc. 41). Pursuant to that Order, discovery closed on September 16, 2022. On May 4, 2022, Defendant Long filed a motion to compel asking the Court to order Plaintiff to respond to her written discovery requests propounded on Plaintiff on December 22, 2021 (Doc. 42). Plaintiff did not respond, and the undersigned granted the motion (Doc. 43). In the Court's order, the undersigned directed Plaintiff to provide responses to Defendant Long's interrogatories and requests for production of documents by July 18, 2022. On July 25, 2022, Defendant Long filed a notice with the Court indicating she had not yet received Plaintiff's responses to her discovery requests as directed (Doc. 44). Defendant Long also filed the Motion for Sanctions now before the Court (Doc. 45). In her Motion, Defendant Long asks that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 37, citing Plaintiff's failure to provide discovery responses and adhere to the Court's order regarding the same.

Also on July 25, 2022, Plaintiff's responses to Defendant Long's interrogatories and requests for production of documents were filed (Doc. 46). Plaintiff did not file any response to Defendant Long's Motion for Sanctions.

## Discussion

A case may be dismissed pursuant to Rule 37 of the Federal Rules of Civil Procedure when the Court finds "willfulness, bad faith or fault on the part of the defaulting party." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011). However, the sanction of dismissal must be "proportionate to the circumstances." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009).

In this instance, Plaintiff failed to timely provide his responses to Defendant Long's discovery requests, and in doing so, Plaintiff failed to comply with an Order of this Court. Plaintiff did, however, ultimately provide said responses. Based on Plaintiff's attempt to serve

his discovery responses, and in consideration of his status as a pro se litigant, the Court cannot find Plaintiff acted with willfulness or bad faith in his failure to timely engage in discovery.

The Court also notes that Defendants have filed motions for summary judgment; thus, it appears Plaintiff's delay in providing timely discovery responses to Defendant Long did not hinder Defendants' ability to litigate this case. The Court finds the circumstances presented do not support dismissal under Rule 37. As such, the Motion for Sanctions filed by Defendant LaDonna Long (Doc. 45) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 16, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**