IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW BROWN-TURNER, | ) |
| Plaintiff, | ) |
| v. | ) Case No.  20-cv-684-RJD |
| C/O LOYD and LADONNA LONG, | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Matthew Brown-Turner, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center. More specifically, Plaintiff alleges he was placed in an unsanitary cell while on suicide watch on November 11, 2019, and his wound dressing was not changed for seven days. Plaintiff also asserts he was placed in a segregation cell from November 20-24, 2019 and, during this time, Correctional Officer Loyd and Nurse Long changed his dressing through his chuckhole, despite Plaintiff's concerns regarding the condition of the chuckhole.

Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A, and he was allowed to proceed on the following claims:

> Count One:   Eighth Amendment deliberate indifference to serious medical needs claim against Long and Loyd for requiring Plaintiff to have his wound dressing changed through an unsanitary chuckhole.

This matter is now before the Court on Defendant Long and Loyd's Motions for Summary Judgment (Docs. 48, 53).  Along with their motions, Defendants filed Rule 56 Notices informing

Plaintiff of his obligation to file a response to the motions for summary judgment and advising him of the perils of failing to respond (*see* Docs. 50, 55). Plaintiff's responses to Defendants' motions were due by May 12, 2023. No responses, or any other filings, have been received from Plaintiff as of the date of this Order. For the reasons set forth below, Defendants' motions are **GRANTED**.

### Factual Background

At all times relevant, Plaintiff was incarcerated at Pinckneyville Correctional Center ("Pinckneyville") (Deposition of Matthew Brown-Turner, Doc. 49-1 at 18). Plaintiff testified that on November 11, 2019, he cut his left arm with a plastic light fixture cover (*id.* at 26). Plaintiff was seen by a nurse in the healthcare unit to address this self-inflicted injury that the nurse described as a "shredded" cut to the skin that was five centimeters in diameter and two centimeters deep (Declaration of LaDonna Long, LPN, Doc. 49-2 at ¶ 7; *see* Doc. 49-3 at 20-21). The nurse observed moderate blood loss, but noted the bleeding stopped within five minutes after Plaintiff arrived at the healthcare unit (*id.*). The nurse spoke with Dr. Percy Myers and he instructed her to dress Plaintiff's wound with gauze, triple antibiotic ointment, and tape (*id.*). The nurse documented that she notified Mental Health and Plaintiff was placed on a continuous crisis watch in 6 House (*id.*). Plaintiff testified he was placed on crisis watch for six to seven days (Doc. 49-1 at 28).

Defendant Long reviewed Plaintiff's nursing notes from November 11 to November 18, 2019, and determined she did not treat or speak with Plaintiff while he was on crisis watch (Doc. 49-2 at ¶ 8). Plaintiff testified he could not recall if Defendant Long changed his wound dressings while he was on crisis watch (Doc. 49-1 at 29).

On November 18, 2019, Plaintiff was seen by Nurse Practitioner Blum wherein NP Blum

continued the order for dressing wound changes for Plaintiff until his wound was healed (Doc. 49-2 at ¶ 9; *see* Doc. 49-3 at 34).  Defendant Long documented this order, as she would often be responsible for ensuring doctor or nurse practitioner's orders were being followed (Doc. 49-2 at 9).

Plaintiff testified that he was placed in segregation from November 20 to November 24, 2019 (Doc. 49-1 at 29-30).  Plaintiff testified Defendant Long changed his wound dressing each day while he was in segregation (*id.* at 32).  According to the Medication Administration Record, Defendant Long changed Plaintiff's wound dressing for his left arm on November 19, 23, 27, 28, and 29, 2019 (Doc. 49-2 at ¶ 12; *see* Doc. 49-3 at 67).  When Defendant Long sees patients in segregation she is always accompanied by a correctional officer (Doc. 49-2 at ¶ 14).  In these circumstances, if a patient's cell door needs to be opened, it must be opened by a correctional officer and, in instances where the officer would not or could not open the cell door, Long would conduct the dressing change through the chuckhole on the cell door (*id.* at ¶ 15).  Defendant Long explains this is not ideal, but she defers to the security expertise of the correctional officer (*id.*).  In any event, if Defendant Long changed a dressing through the chuckhole, she attests she would apply the dressing change in such a way so as to prevent the wound from touching the sides of the chuckhole (*id.*).  Defendant Long never observed any signs or symptoms of infection to Plaintiff's wound and, if she had, she would have documented such observations (*id.* at ¶ 16).

Plaintiff testified he believed Defendant Correctional Officer Loyd made the decision to have his dressing changes through the chuckhole while he was in segregation (Doc. 43-1 at 63).  When Plaintiff was moved to a different cell on a different wing on November 25, 2019, his wound dressing was again changed through the chuckhole, but Defendant Loyd was not present (Doc. 49-1 at 64).

Plaintiff's wound was assessed by NP Blum on November 25, 2019, and there were no noted signs or symptoms of infection (Doc. 49-2 at ¶ 19; *see* Doc. 49-3 at 38). Plaintiff testified no medical professional advised him that his arm was infected, and Plaintiff admitted he did not believe he had any medical issues due to the changing of his dressings through the chuckhole (Doc. 49-1 at 41).

## Legal Standards

*Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

*Eighth Amendment Deliberate Indifference*

The Supreme Court recognizes that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v.*

*Gamble*, 429 U.S. 97, 104 (1976).  In order to prevail on such a claim, Plaintiff must show first that his condition was "objectively, sufficiently serious" and second, that the "prison officials acted with a sufficiently culpable state of mind."  *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (citations and quotation marks omitted).

With regard to the first showing, the following circumstances could constitute a serious medical need: "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Hayes v. Snyder*, 546 F.3d 516, 522-23 (7th Cir. 2008) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)); *see also Foelker v. Outagamie Cnty.,* 394 F.3d 510, 512-13 (7th Cir. 2005) ("A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.").

A prisoner must also show that prison officials acted with a sufficiently culpable state of mind, namely, deliberate indifference.  "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'."  *Estelle*, 429 U.S. at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  "The infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense."  *Duckworth v. Franzen*, 780 F.2d 645, 652-53 (7th Cir. 1985). Negligence, gross negligence, or even recklessness as that term is used in tort cases, is not enough. *Id.* at 653; *Shockley v. Jones*, 823, F.2d 1068, 1072 (7th Cir. 1987).  Put another way, the plaintiff must demonstrate that the officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the officials actually drew that inference. *Greeno*, 414 F.3d at 653.  A plaintiff does not have to prove that his complaints were "literally

ignored," but only that "the defendants' responses were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." *Hayes,* 546 F.3d at 524 (quoting *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)).

## Discussion

The Court deems all material facts as presented by Defendants undisputed because Plaintiff failed to file a response to the pending motions for summary judgment despite being provided ample time and opportunity to do so. In failing to file responses, Plaintiff disregarded notices explaining the implications of this decision (Docs. 50, 55). The Court will exercise its discretion pursuant to Rule 56(e) and deem all material facts as undisputed. Further, Local Rule 7.1(c) provides that a party's "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."

To survive summary judgment, there must be evidence in the record that Plaintiff's condition presented a "serious medical need." Defendants acknowledge that Plaintiff's dressing changes for his arm laceration constitutes a serious medical need; however, Defendants assert that conducting dressing changes through the chuckhole does not demonstrate a serious medical need. The Court disagrees with Defendants' characterization of the serious medical need in this instance. The Court finds the medical need at issue is the laceration and wound care related to the same. This is the condition at issue — not the circumstances of Plaintiff's wound care. As such, the Court finds sufficient evidence in the record to demonstrate Plaintiff had a serious medical need.

The Court, however, finds Defendants did not act with deliberate indifference to the same. There is sufficient evidence in the record to find that Defendant Long changed Plaintiff's dressing wounds on several occasions, and, when viewing the evidence in the light most favorable to Plaintiff, such dressing changes occurred through the chuckhole of his cells. The circumstances

concerning the changing of his dressing, however, do not amount to deliberate indifference. As attested by Long, in circumstances where dressing changes must be made through a chuckhole, she is careful to ensure the wound does not touch the sides of the same. The mere fact that the changes were made through a chuckhole does not reflect a disregard to a substantial risk of serious harm.

Similarly, Defendant Loyd's purported refusal to open the cell door that ultimately caused Plaintiff's dressing to be changed through the chuckhole does not amount to deliberate indifference. There is no evidence Loyd was notified that Plaintiff's dressing could not be changed through the chuckhole and, as he is not a medical provider, he is entitled to defer to the judgment of Plaintiff's treating providers. *See King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (nonmedical personnel are entitled to defer to the judgment of health professionals so long as they do not ignore the prisoner).

Moreover, the Court finds Plaintiff's claims must fail as there is no evidence for a reasonable jury to find that Defendants' actions caused Plaintiff any harm. To be successful on an Eighth Amendment claim, a plaintiff must show not only that a defendant was deliberately indifferent to a serious medical need, he must also show that the breach caused him to suffer a cognizable legal harm. *Doe v. Welborn*, 110 F.3d 520, 523 (7th Cir. 1997) (citing *Babcock v. White*, 102 F.3d 267, 271 (7th Cir. 1996)). Here, there is simply nothing in the record to substantiate a finding that Plaintiff suffered a "cognizable legal harm" related to his wound dressing changes being completed through his chuckhole. Indeed, Plaintiff testified he was never told his wound was infected and he indicated he never had any medical issues related to the changing of his dressings through the chuckhole. Without harm, there is no cause of action.

For these reasons, Defendants are entitled to summary judgment on Plaintiff's claims.

**Conclusion**

Based on the foregoing, the Motion for Summary Judgment filed by Defendant Long (Doc. 48) and the Motion for Summary Judgment filed by Defendant Loyd (Doc. 53) are **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Defendants C/O Loyd and LaDonna Long and against Plaintiff Matthew Brown-Turner, and close this case.

**IT IS SO ORDERED.**

**DATED: June 26, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**